UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN DAVID ABDO JR., <br><br> Plaintiff, <br><br> vs. <br><br> DARIN YOUNG, WARDEN; <br><br> Defendant. | 4:17-CV-04140-LLP <br><br><br> ORDER DISMISSING COMPLAINT |

Plaintiff, John David Abdo Jr. is an inmate at the Mike Durfee State Prison in Springfield, South Dakota and filed a pro se lawsuit under 42 U.S.C. 1983. Docket 1. This Court granted leave to proceed in forma pauperis and granted Abdo's motion to file his "Second Amended Complaint." Dockets 11 and 16. Thus, this 28 U.S.C. 1915A screening is based on Abdo's "Second Amended Complaint."

## FACTUAL ALLEGATIONS

Abdo argues that the Prison Litigation Reform Act ("PLRA") is unconstitutional because it violates his First Amendment (access to the courts) and Sixth Amendment (right to counsel) rights. Abdo claims that the PLRA is "repugnant" to the First Amendment and "prevents prisoners from petitioning the government for redress of grievances." Docket 13 at 2-4. Abdo refers to a visit with Attorney Shannon Falon on December 15, 2017. Docket 13 at 1. Falon allegedly told Abdo that he had not exhausted his administrative remedies. Abdo claims he sent Falon his argument as to why the PLRA was unconstitutional and she allegedly responded, "due to her bar card she could not file a claim she did not believe had a chance." *Id.* at 1.

## A. Access to the Courts

Abdo claims that on November 4, 2017, he asked for guidance on how to fill out an application. *Id.* at 4. He alleges that the unit coordinator told him where the forms were available but wrote that "we do not help you fill them out." *Id.* Abdo alleges that this fails the "bounds analysis." *Id.* Abdo claims that the cost of materials is also an issue. *Id.* at 5. He claims that while paying child support and having a facility job he is unable to maintain/aid his family as well as pay for paper-copying fees. *Id.* He claims that paying "$0.25 a copy is kind of deliberate indifference to the right of adequate access to the courts inflicting cruel and unusual punishment." *Id.* Abdo alleges that he lives in the "classification unit . . . [and it] has no access to [the] law library or any competent legal aid and the classification process takes around 4-8 weeks." *Id.* at 11. Abdo argues that "the lack of law library or legal aid hinder[s] one[']s ability to have meaningful access to the courts." *Id.*

## B. Right to Counsel

Abdo claims that the Sixth Amendment right to counsel is inseparable from the First Amendment right of access to the courts. The "access to the courts means nothing without access to counsel, they are inseparable concepts and must run together." *Id.* at 5. Abdo argues that when a prisoner does not have counsel it is oppressive and forces the prisoner to "learn, without a teacher, what takes law students years to learn with a teacher, in a critical time which could cause irreparable injury and harm." *Id.* at 5. Abdo argues that this amounts to discrimination against prisoners and cruel and unusual punishment. *Id.* Abdo further argues that in order to make access to the courts meaningful, "prisoners need not only [have] the physical tools to create and submit their complaints and petitions for relief, but more often than not, due to their own

deficiencies in education or language skills, they also need the intellectual tools possessed by others." *Id* at 6.

### C. Conspiracy Allegation

Abdo alleges that Judge Bruce Anderson, prosecutor Scott Podhradsky and public defender Keith Goehring conspired against him in violation of 18 U.S.C. § 241. *Id.* at 9. Abdo claims there is evidence of conspiracy through the waiver of fees, and the lack of court costs, fines, and restitution. *Id.* Judge Anderson, Podhradsky, and Goehring are not named as defendants. *Id.* at 1.

## LEGAL BACKGROUND

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers,*755 F.2d at 663. *Bell Atlantic* requires that a complaint's

factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

## ANALYSIS

### A. Failure to Exhaust Administrative Remedies

The PLRA provides that an inmate must exhaust all available administrative remedies before bringing an action with respect to prison conditions under either section 1983 of this title, or any other federal law. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This mandatory exhaustion requirement applies broadly to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also, Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in [federal] court."). The PLRA requires "immediate dismissal" of all unexhausted claims. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

Before filing this action, Abdo was required to fully and properly exhaust his administrative remedies as to each claim in the complaint. *See Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."). The prisoner must exhaust his administrative remedies even if the precise relief he seeks is not available through the prison grievance system." *Booth*, 532 U.S. at 739-41. In order to properly exhaust administrative remedies, Abdo is required to "tak[e] advantage of each step

4

the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance process." *Rothman v. Lombardi*, No. 4:11-CV-639 CEJ, 2012 WL 639713 at *2 (E.D. Mo. Feb. 27, 2012) (internal quotation marks and quotation omitted).

Here, failure to exhaust is apparent from the face of the complaint. Abdo alleges that he filed a "kite-request slip" concerning access to the courts. Docket 13-1. Abdo fails to allege that he exhausted administrative remedies with his right to counsel and conspiracy claims. Therefore, dismissal is appropriate for these claims (right to counsel and conspiracy) because Abdo has not exhausted his administrative remedies. This Court now screens Abdo's access to court's claim pursuant to § 1915A. Even though Abdo's claims about right to counsel and conspiracy are dismissed due to lack of exhaustion of administrative remedies, this Court will now address why these claims fail to survive § 1915A screening.

## B. Access to the Courts

Abdo fails to state a claim that the defendants violated his right of access to the courts. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). " 'The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' " *Entzi v. Redmann*, 485 F.3d 998, 1004 (8th Cir. 2007) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (There is no freestanding right to a law library.)). "[P]rison officials must provide inmates with 'meaningful access to the courts,' . . . an inmate alleging a constitutional violation must show an 'actual injury' by 'demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' *Entzi*, 485 F.3d at 1005 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

The Eighth Circuit held that even if an inmate can show a "complete and systematic denial of access to a law library or legal assistance," he must still " 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' " *Klinger v. Department of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (quoting *Lewis*, 518 U.S. at 351). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. *Lewis*, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353).

Here, Abdo claims that the unit he lives on does not have access to the law library or legal aid. Docket at 11. Further he claims that paying twenty-five cents for a copy amounts to "deliberate indifference." *Id.* at 5. Abdo claims a complete denial of access to a law library and legal aid, however he has not demonstrated that the denial of access has "hindered his efforts to pursue a legal claim." *Klinger*, 106 F.3d at 617. Because Abdo does not allege an injury due to the denial of access to the law library or legal aid, his access to the courts claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

## C. Right to Counsel

The Eighth Circuit has held "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Abdo has filed a civil case under 42 U.S.C. § 1983. Docket 13. Abdo claims that his right to access the court is meaningless without the right to counsel, however, in this case he has no statutory or constitutional right to counsel. Therefore, this Court finds that Abdo's right to counsel claim is

6

dismissed for failure to exhaust administrative remedies and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**D. Conspiracy**

Abdo alleges that Judge Bruce Anderson, prosecutor Scott Podhrasky, and public defender Keith Goehring have conspired against him, however none of these individuals are named defendants. Even if these individuals were named defendants these individuals are either immune from suit or are not acting under the color of the state for § 1983 purposes. *See Stump v. Sparkman*, 435 U.S. 349, 98 (1978) (Judges are immune from civil rights cases when they are acting in their judicial capacities); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1975) (Prosecutors are immune for their actions in "initiating a prosecution and presenting the state's case."); *Harkins v. Eldredge*, 505 F.2d 802 (1974) (Public defenders are not acting under the color of the state and cannot be sued pursuant to § 1983.).

Even if these individuals were properly named defendants, Abdo does not establish facts of "mutual understanding or meeting of the minds." *Cooper v. Delo*, 997 F.2d 376m 377 (8th Cir. 1993); *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (If allegations of conspiracy are inadequate dismissal is appropriate). For the above stated reasons, this Court finds Abdo's conspiracy claim is dismissed for failure to exhaust administrative remedies and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Accordingly, it is ORDERED

1. That Abdo's access to the courts claim is dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i-ii).

2. That Abdo's conspiracy claim is dismissed for failure to exhaust administrative remedies and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

3. That Abdo's right to counsel claim is dismissed for failure to exhaust administrative remedies and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

4. That pursuant to § 1915(e)(2)(B)(ii), Abdo's complaint (Docket 13) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

DATED August 27, 2019.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge